JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Elyse Rubenstein

**(b)** County of Residence of First Listed Plaintiff   Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin,, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

## DEFENDANTS
Main Line Healthcare
Main Line Health, Inc.

County of Residence of First Listed Defendant   Delaware County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / [ ] 368 Asbestos Personal Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine / Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | Protection Act |
| [ ] 195 Contract Product Liability | Product Liability / [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury / Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | | [ ] 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | / [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | |
| | / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ; 42 U.S.C. §2000e, et seq.; 43 P.S. §951, et seq.
Brief description of cause:
Plaintiff was discriminated against because of her sex and her age, and in retaliation for her complaints.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
4/10/2026

SIGNATURE OF ATTORNEY OF RECORD
*Caren Gurmankin* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Newtown, Square, PA 19073 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Elyse Rubenstein | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Main Line Healthcare, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 04/10/2026 | *[signature]* | Plaintiff, Elyse Rubenstein |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELYSE RUBENSTEIN**<br>**Malvern, PA 19355** : <br> : <br> : <br> **Plaintiff,** : <br> : <br> **v.** : <br> : <br> **MAIN LINE HEALTHCARE** : <br> **3803 West Chester Pike** : <br> **Newtown Square, PA 19073** : <br> : <br> **and** : <br> : <br> **MAIN LINE HEALTH, INC.** : <br> **240 N. Radnor-Chester Road, Suite 170** : <br> **Radnor, PA 19087** : <br> : <br> : <br> **Defendants.** : <br> : | **CIVIL ACTION NO.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I.     INTRODUCTION

Plaintiff, Elyse Rubenstein, brings this action against her former employers, Main Line

Healthcare and Main Line Health, Inc. ("Defendants"), for unlawful sex and age discrimination

and retaliation in violation of the Age Discrimination in Employment Act, as amended, 29

U.S.C. §621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S.

§951, *et seq.* (hereinafter "PHRA").  Plaintiff seeks damages, including back-pay, front-pay,

compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court

deems appropriate.

## II.   **PARTIES**

1.     Plaintiff, Elyse Rubenstein, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Malvern, Pennsylvania 19355.

2.     Plaintiff was born in March 1957.  She was sixty-seven (67) years old at the time that Defendants terminated her employment.

3.     Defendant, Main Line HealthCare, is a Pennsylvania corporation with a principal place of business at 240 N. Radnor Chester Road, Radnor, PA 19087.

4.     Defendant, Main Line Health, Inc., is a Pennsylvania corporation with a principal place of business at 240 N. Radnor Chester Road, Radnor, PA 19087.

5.     From the commencement of Plaintiff's employment with Defendants, she worked out of Mirmont Treatment Center, a drug and alcohol recovery center that is part of Defendants, at 100 Yearsley Mill Road, Media, PA 19063.

6.     At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' businesses.

7.     At all times material hereto, Defendants were employers within the meanings of the ADEA, Title VII, and the PHRA.

8.     At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, Title VII, and the PHRA.

## III.   **JURISDICTION AND VENUE**

9.     The causes of action that form the basis of this matter arise under the ADEA, Title VII, and the PHRA.

2

10. The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

11. The District Court has jurisdiction over Count II (ADEA) pursuant to 28 U.S.C. §1331.

12. The District Court has jurisdiction over Count III (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b).

14. On or about September 18, 2024, Plaintiff filed a Complaint with the Pennsylvania Commission on Human Relations ("PHRC") cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("PHRC Complaint"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

15. On or about January 16, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

17. Plaintiff was hired by Defendants on or about April 29, 2015 as a Staff Psychologist at Mirmont Treatment Center, a drug and alcohol rehabilitation facility that was part of Defendants.

3

18. In around July 2018, Defendants promoted Plaintiff into the position of Medical Director at Mirmont. Plaintiff remained in that position throughout the remainder of her employment with Defendants.

19. Plaintiff is a highly experienced and well-regarded board-certified psychiatrist who received her medical degree from Robert Wood Johnson Medical School of Rutgers University. While employed at Defendants, Plaintiff obtained her subspecialty certification in addiction medicine.

20. During Plaintiff's employment with Defendants, she gave several lectures to Defendants' medical staff, and created presentations, about addiction medicine and how to best serve that patient population.

21. On the same day that Defendants terminated Plaintiff's employment, she was scheduled to present to the Mirmont Treatment Center staff and other members of Defendants' Department of Psychiatry to update them on the newest trends in the medical specialty of Addiction Medicine. Plaintiff's presentation was based on her having just attended the American Society of Addiction Medicine Conference.

22. At the time of Plaintiff's termination, she reported to Valerie Schina, Executive Director, Mirmont Treatment Center. Schina reported to Deborah Cunningham, Acting Vice President of Behavioral Health. Cunningham reported to John Schwarz, President of Defendants' Bryn Mawr Hospital.

23. Plaintiff started reporting directly to Schina in 2021. Schina started reporting directly to Cunningham in around January 2023.

24. Upon information and belief, Plaintiff was the oldest of Schina's direct reports.

4

25.      After Plaintiff started reporting to Schina, she was treated dismissively and in a way that made it clear that she was not as valued as male and/or younger employees.

26.      The discriminatory conduct to which Plaintiff was subjected included, but was not limited to, being excluded from communications regarding her job duties and responsibilities and being excluded from meetings related to her job duties and responsibilities.

27.      When Plaintiff brought to Schina's attention a request or a concern regarding a clinical issue or a scheduling matter, Schina frequently said that she first had to run the same by Phillip Izzo, Medical Director of the Mirmont's Outpatient Center.

28.      Izzo was Plaintiff's colleague who also reported directly to Schina.

29.      Izzo is male and, to Plaintiff's information and belief, is substantially younger than she is.

30.      When Plaintiff raised a concern about a personnel decision that had been made, Cunningham told her that she would support her if Plaintiff expressed her opinion in a meeting about the same.  When Plaintiff did so, Cunningham failed to support her or to say anything in response to Plaintiff's opinion.

31.      When Plaintiff subsequently asked Cunningham why she did not support her regarding that particular issue as she had said that she would, Cunningham told her that she did not want to "offend" Izzo.

32.      In or around October 2023, Izzo said in front of Plaintiff and other employees that, as one gets older, it becomes more difficult to get the work done that is required of their jobs at Defendants.

33.      Plaintiff complained about Izzo's age-related comment to Defendants, including to Izzo, Cunningham, and Marc Burock, Systems Medical Director.

34. When Plaintiff complained to Burock about Izzo's age discriminatory conduct, his response was that he assumed that she would be able to work it out with Izzo.

35. Cunningham told Plaintiff that she would speak directly to Izzo about Plaintiff's complaint.

36. Defendants did not inform Plaintiff whether they took any action regarding her complaint about Izzo's age-related comment.

37. In or around March 2024, Defendants promoted Izzo into a position in which he was also the Medical Director for another facility within Defendants, the Women's Emotional Wellness Center.

38. Plaintiff asked Schina why Izzo had been promoted to hold two (2) Medical Director positions, as that was not typical for Defendants.

39. Schina told Plaintiff that the two females who had previously held the position of Medical Director of the Women's Emotional Wellness Center, and whom Izzo replaced, were "too rigid and safety focused".

40. On or about April 18, 2024, Cunningham, Schina, and Burock questioned Plaintiff as to how she performed certain of her job duties.

41. On or about April 25, 2024, Defendants terminated Plaintiff's employment.

42. Defendants informed Plaintiff that her employment was being terminated because she was not a "fit".

43. Plaintiff was told that her termination had nothing to do with her performance.

44. Defendants escorted Plaintiff out of the Mirmont facility shortly after they informed her of her termination.

6

45.     To Plaintiff's information and belief, Burock took over her job duties and responsibilities on an interim basis after Defendants terminated her employment.

46.     Burock was male and, to Plaintiff's information and belief, substantially younger than she was.

47.     To Plaintiff's information and belief, Defendants hired a substantially younger male to take over her position on a permanent basis after Burock had filled the role for approximately one (1) year.

48.     Defendants did not provide Plaintiff with a legitimate, non-discriminatory reason for her termination.

49.     Defendants failed to remedy or prevent the discrimination and retaliation to which Plaintiff was subjected.

50.     Plaintiff's age was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including the termination of her employment.

51.     Plaintiff's sex was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including the termination of her employment.

52.     Plaintiff's complaints of discrimination were motivating and/or determinative factors in connection with Defendants' retaliatory treatment of Plaintiff, including the termination of her employment.

53.     Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

54. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

55. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – ADEA

56. Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

57. By committing the foregoing acts of age discrimination and retaliation based on Plaintiff's complaints of Defendants' discriminatory conduct, Defendants violated the ADEA.

58. Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

59. Defendants' retaliatory conduct under the ADEA warrants the imposition of punitive damages.

60. As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

## COUNT II - Title VII

63.    Plaintiff incorporates herein by reference paragraphs 1 through 62 above, as if set forth herein in their entirety.

64.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

65.    Said violations were done with malice and/or reckless indifference.

66.    As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

68.    No previous application has been made for the relief requested herein.

## COUNT III – PHRA

69.    Plaintiff incorporates herein by reference paragraphs 1 through 68 above, as if set forth herein in their entirety.

70.    Defendants, by the above improper, discriminatory, and retaliatory acts, have violated the PHRA.

71.    Said violations were intentional and willful.

72.    As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

9

73. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

74. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of Title VII;

c. declaring the acts and practices complained of herein to be a violation of the PHRA;

d. enjoining and restraining permanently the violations alleged herein;

e. entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

f. awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

g. awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

10

h.    awarding punitive damages under Title VII and the ADEA;

i.    awarding liquidated damages under the ADEA;

j.    awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, and the PHRA; and

k.    awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and

l.    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

<strong>CONSOLE MATTIACCI LAW, LLC</strong>

Date:    April 10, 2026          By:    _____
                                        Caren N. Gurmankin (205900)
                                        1525 Locust Street, 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676

                                        Attorney for Plaintiff,
                                        Elyse Rubenstein

11

# Exhibit A

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | |
|---|---|
| Elyse Rubenstein,<br>Complainant | : <br> : <br> : |
| v. | : PHRC Case No. 202400550 <br> : |
| Main Line Healthcare,<br>Respondent | : EEOC No. 17F202560026 <br> : <br> : <br> : |

**COMPLAINT**

**JURISDICTION**

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

**PARTIES**

2. The Complainant herein is:

   Elyse Rubenstein
   <span style="background:black;color:red">redacted</span>
   Malvern, PA 19355

3. The Respondent herein is:

   Main Line Healthcare
   3803 West Chester Pike, Suite 160
   Newtown Square, PA 19073

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

**ELYSE RUBENSTEIN**                                    Docket No.

v.

RESPONDENT:

**MAIN LINE HEALTHCARE**

1. The Complainant herein is:

   Name:        Elyse Rubenstein

   Address:     redacted
                Malvern, PA 19355

2. The Respondent herein is:

   Name:        Main Line Healthcare

   Address:     3803 West Chester Pike, Suite 160
                Newtown Square, PA 19073

3. I, Elyse Rubenstein, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (67), my sex (female), and/or the combination of my age and sex ("age/sex") and retaliation because of my engaging in protected activity, as set forth below.

### Discrimination and Retaliation

   **A. I specifically allege:**

   [1]        I was hired by Respondent on or about April 29, 2015.

   [2]        My birth date is March 14, 1957.

[3]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]     I last held the position of Medical Director, Mirmont Treatment Center.

[5]     I last reported to Valerie Schina (female, 42[1]), Executive Director, Mirmont Treatment Center. Schina reported to Deborah Cunningham (female), Acting Vice President of Behavioral Health. Cunningham reported to John Schwarz (male, 55), President of Bryn Mawr Hospital. Schwarz reported to Jack Lynch (male), President and Chief Executive Officer.

[6]     In 2021, I began reporting to Schina as my first-level supervisor.

[7]     In or about January 2023, I began indirectly reporting to Cunningham as my second-level supervisor.

[8]     Neither Schina nor Cunningham had any role in my being hired at Respondent.

[9]     I was the oldest employee directly reporting to Schina.

[10]    I was treated differently and worse and in a more hostile and dismissive manner than male and/or younger employees were treated.

[11]    I was excluded from communications related to my job duties and responsibilities.

[12]    I was excluded from meetings related to my job duties and responsibilities.

[13]    In or about October 2023, Phillip Izzo (male, 42), Medical Director of Outpatient Center, commented that, as you get older, it becomes more difficult to get the work done. I understood this comment to be age biased.

---

[1] All ages herein are approximations.

From: Nancy Glacr

[14]    In or about October 2023, following the above, I complained of age discrimination to Cunningham, Izzo, and Marc Burock (male, 49), Systems Medical Director, in connection with Izzo's above age biased comments.

[15]    Respondent failed to investigate my complaints of age discrimination.

[16]    Respondent failed to remedy or prevent the age discrimination against me.

[17]    In or about March 2024, Respondent promoted Izzo from Medical Director of Mirmont Outpatient Center to Medical Director of Outpatient Center and Medical Director of Women's Emotional Wellness Center.

[18]    Following the above, when I asked Schina why Izzo had been promoted to hold two (2) Medical Director positions, which was not typical for Respondent, she stated that Kathryn Zagrabbe (female, 35) and Linda Ryan (female, 50), each of whom had previously held the Medical Director of Women's Emotional Wellness Center position, and each of whom Respondent had pushed out, were "too rigid and safety focused."

[19]    On April 18, 2024, in correspondence with Cunningham, Schina, and Burock, they asked me questions about my specific job duties and how I handled certain situations that arose with patients. It seemed to me that they wanted me to train them on how to do my job.

[20]    On April 25, 2024, in a meeting with Cunningham, Schina, and Burock, Respondent terminated my employment, effective August 22, 2024. The stated reason was that I was not a "fit." I was told that my termination had nothing to do with my performance.

[21]    Respondent offered no explanation, including the selection criteria, as to why I was terminated and younger and/or male and/or noncomplaining employees were retained.

From: Nancy Glace

[22] Respondent replaced me with Burock. I was more qualified to perform my job duties than the noncomplaining, substantially younger, male employee with whom Respondent replaced me.

[23] Respondent terminated my employment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[24] Respondent subjected me to a hostile work environment because of my age and/or sex and/or age/sex and/or engaging in protected activity.

[25] At the time of my termination, the following employees, in addition to me, were directly reporting to Schina.

      a. Phil Izzo (male, 42), Medical Director of Mirmont Outpatient Center and Medical Director of Women's Emotional Wellness Center;

      b. Jackie Bramble (female, 35), Director of Marketing;

      c. Lisa D'Antonio (female, 35), Director of Admissions;

      d. Jamie Burke (female, 35), _____;

      e. Megan _____ (female, 35), Program Director;

      f. Valerie Cannon (female, 40), Clinical Director;

      g. Karen Giacommucci (female, 45), Nursing Manager.

[26] Each of the retained employees who were directly reporting to Schina was substantially younger and/or male and/or noncomplaining.

[27] Respondent retained less qualified male and/or younger and/or noncomplaining employees.

[28] I had no disciplinary or performance issues throughout my employment.

From: Nancy Glac

[29]     Respondent's comments and conduct evidence a bias against older and/or female and/or complaining employees.

[30]     Respondent's age, sex, and age/sex discrimination and retaliation against me has caused me emotional distress.

**B.** Respondent has discriminated against me because of my sex (female), age (67), and a combination of my sex and age ("sex/age"), and retaliated against me because of my engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

_ X _     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** _ (a); (d) _

_____     Section 5.1 Subsection(s) _____

_____     Section 5.2 Subsection(s) _____

_____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

_ X _     **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_____9/18/2024_____
(Date Signed)

                                                       _____
(Signature)    Elyse Rubenstein
redacted
Malvern, PA 19355

# Exhibit B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 1/16/2026

**To:**   Elyse Rubenstein
redacted
Malvern, PA 19355

Charge No:  17F-2025-60026
EEOC Representative and email:        State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  1/16/2026
Karen McDonough
Deputy District Director

cc:     For Respondent              For Charging Party
        Caren Litvin               Caren Gurmankin
        150 N. Radnor Chester Road  Console Mattiacci Law
        Suite F-200                1525 Locust St.
        Radnor, PA 19087           Philadelphia, PA 19102

Please retain this notice for your records.